BRAY, *Appellant*, v. CONRAD.

101 331
143 677
101 331
146 193

1. **Mortgage**: ASSIGNMENT BY MORTGAGEE TO WIFE OF MORTGAGOR : DOWER. Where a wife joins her husband in a mortgage of his lands and afterwards becomes the assignee of the mortgage debt, there is no merger of her interest as dowress and as such assignee.

2. —— : —— : —— : RELEASE. In executing a release of her lien acquired by the purchase of the mortgage debt, she may reserve her dower interest.

Bray v. Conrad.

3. ———: ———: ———: ———. A quitclaim of her interest, without reservation, will convey her dower.

4. **Deed, Construction of.** A deed will be construed to convey whatever interest or estate the grantor may have in the land, unless it shows his intention to convey a less estate.

5. ———: QUITCLAIM. A quitclaim deed contains operative words of conveyance.

6. ———. Where the terms of a deed are doubtful the benefit of the doubt should be given to the grantee.

*Appeal from Barton Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

*John B. Cole* for appellant.

(1) The deed introduced in evidence by the defendant is upon its face a simple release. *First.* Intention of the parties to a deed is to be deduced from a consideration of the whole instrument—every provision, clause and recital—as in the case of any other contract, and will be carried into effect. *Long v. Wagoner,* 47 Mo. 178 ; *Brúesman v. Carroll,* 52 Mo. 313 ; *Gregg v. Macy,* 10 Mo. 385 ; 2 Devlin on Deeds ( 1887) secs. 836, 837, 840 ; 3 Wash. on Real Property [ 4 Ed. ] pp. 384, 385 and 404 ; *McKinney v. Settles,* 31 Mo. 544 ; *Redheffer v. Leothe,* 15 Mo. App. 12 ; *Shickle v. Iron Co.,* 84 Mo. 161 ; *Schultz v. Bailey,* 40 Mo. 69. *Second.* And the obvious intent of the parties to a deed will control, even if words in the deed have to be rejected, or the grant itself defeated. *Jennings v. Brisendine,* 44 Mo. 332 ; *Gibson v. Bogg,* 28 Mo. 478 ; *Jamison v. Fopiano,* 48 Mo. 194 ; *Rutherford v. Tracy,* 48 Mo. 327 ; 2 Devlin on Deeds ( 1887) sec. 837. *Third.* Intent controls technical terms. 2 Devlin on Deeds ( 1887) sec. 837. (2) The deed introduced in evidence does not purport to convey, and does not convey, plaintiff's dower. It was the court's duty to declare the

Bray v. Conrad.

legal effect of the deed. *Miller v. Dunlap*, 22 Mo. App. 103 ; *Methuneby v. Ross*, 10 Mo. App. 101 ; s. c., 81 Mo. 482 ; *State, etc., v. Donnelly*, 9 Mo. App. 520 ; *Vastine v. Wyman*, 5 Mo. App. 598 ; *Brecheisen v. Coffey*, 15 Mo. App. 80 ; *State, etc., v. La Faivre*, 53 Mo. 470 ; *Edwards v. Smith*, 63 Mo. 119, 127. (3) The price paid for the deceased husband's land at the administrator's sale thereof cannot be shown to affect the widow's right to recover dower in an action where the defendant's answer is a general denial. R. S. 1879, sec. 3521 ; *Northrup v. Ins. Co.*, 47 Mo. 443 ; Bliss on Code Pleadings [ 1 Ed. ] sec. 352, p. 408 ; *Williams v. Mellon*, 56 Mo. 263 ; *Harrison v. Railroad*, 74 Mo. 373. (4) The consideration clause in a deed is always open to explanation. *Altringer v. Capehart*, 68 Mo. 441 ; *Bobb v. Bobb*, 89 Mo. 411 ; *Fontaine v. Boatmen's, etc.*, 57 Mo. 553 ; *Miller v. McCoy*, 50 Mo. 214. (5) The circumstances under which a deed is made, as well as the situation of the parties thereto, and the condition of the property thereby conveyed, may be looked into in aid of the construction of such deed. *Dobbins v. Edmonds*, 18 Mo. App. 307 ; *Patterson v. Camden*, 25 Mo. 13 ; *Gathwright v. Callaway*, 10 Mo. 663 ; *Jones v. De Lassus*, 84 Mo. 545 ; *Richardson v. Palmer*, 38 N. H. 218 ; *Stanley v. Greene*, 12 Cal. 148 ; *Adams v. Forthingham*, 3 Mass. 325 ; Washburn on Real Property [ 4 Ed. ] p. 384.

*Buler & Timmonds* for respondent.

(1) The deed from Martha Bray to R. B. Conrad offered in evidence by defendant had the effect of transferring whatever interest the grantor had at the time in the land therein described. 2 Devlin on Deeds, sec. 849 ; *Stockett v. Goodman*, 47 Md. 54 ; *Wilson v. Albert*, 89 Mo. 537 ; *Auglade v. St. Avitt*, 67 Mo. 434 ; *Doe v. Reed*, 4 Scam. (5 Ill.) 117 ; *Eckman v. Eckman*, 68 Pa. St. 400 ; *Thomas v. Chicago*, 55 Ill. 403 ; *Brady*

*v. Spenck*, 27 Ill. 478. ( 2 ) If there is any doubt as to the construction to be given to the deed, it should be construed most favorably to the grantee. 3 Washburn Real Property [ 4 Ed. ] side p. 628, marg. p. 397; *Bushnell v. Proprietors*, 31 Conn. 150; *City of Alton v. Trans. Co.*, 12 Ill. 38; *Grubb v. Grubb*, 101 Pa. St. 11; *Jackson v. Hudson*, 3 Johns. 375; *Jackson v. Gardner*, 8 Johns. 396; *Thomas v. Chicago*, 55 Ill. 403; *Dunn v. English*, 23 N. J. L. 126; *Wyman v. Farrar*, 35 Me. 64. ( 3 ) Evidence that the amount paid was full value of the land is relevant and competent in this case. *Swaney v. Mallory*, 62 Mo. 485; *Hart v. Giles*, 67 Mo. 175.

BRACE, J.—This is an action for the assignment of dower and damages for the deforcement thereof in forty acres of land in Barton county, Missouri. The action was tried before the court without a jury, judgment for defendant, and the plaintiff appeals.

Nathan Bray died in 1879, seized in fee simple of the premises, leaving plaintiff his widow surviving him. Previous to his death in the year 1876, he executed a deed of trust upon a large body of land which he owned, including this forty-acre tract, to secure a debt to one Allen in which his wife, the plaintiff, joined releasing her dower for the purposes of said trust. This debt remained unpaid at his death, and plaintiff became the owner and assignee thereof by purchase after his death. At a sale of real estate by the administrator of Nathan Bray, deceased, R. B. Conrad became the purchaser of the premises for the sum of $163.50, that being the amount of his bid at such sale, and on the eighth of November, 1880, received the administrator's deed therefor.

On the seventeenth of December, 1880, the plaintiff executed and delivered to said Conrad the following deed to the premises:

"Whereas, Nathan Bray and Martha Bray, his wife, by their deed, dated the first day of June, 1876, did convey to Henry C. Wilson, as their trustee for Norman O. Allen, by way of mortgage, the property hereinafter described, to secure the part payment of the debt in said deed described, and

"Whereas, the said R. B. Conrad has paid to Martha Bray, the present owner of the said debt so secured, the sum of one hundred and sixty-three dollars and fifty cents ( $163.50),

"Now, therefore, know all men by these presents, that I, Martha Bray, in consideration of partial satisfaction of said debt, do release and quitclaim unto the said R. B. Conrad, his heirs and assigns, the property in said deed described as follows, to wit : The northeast quarter of the southwest quarter of section number seventeen, township number thirty-three, range thirty-two, west, containing in all forty acres more or less.

"Witness my hand and seal, this seventeenth day of December, 1880.

"[ Signed. ]         MARTHA BRAY. ( Seal. )"

"STATE OF MISSOURI, ⎫ ss.
"County of Greene,    ⎭

"Be it remembered, that on the seventeenth day of December, 1880, before the undersigned, a notary public, within and for the county of Greene, personally came Martha Bray, who is personally known to me, to be the same person whose name is subscribed to the foregoing instrument of writing, as a party thereto, and acknowledged the same to be her act and deed, for the purpose therein mentioned, and said Martha Bray, further declared to be single and unmarried.

"[ Signed. ]         McLANE JONES, ( Seal. )
                     "Notary Public."

The consideration for this deed was the amount of his bid at the sale paid by Conrad to the administrator

and applied by the administrator on the debt due the plaintiff as assignee of the Allen debt, all of which was finally paid out of the assets of Nathan Bray's estate. Conrad died in 1881, testate and by his will devised the premises to the defendant who was in possession when this suit was commenced. The evidence tended to prove that the land sold for its full value at the administrator's sale.

There is nothing in the evidence outside of the deed to show any act or declaration of the plaintiff, by which she should be estopped from asserting her right of dower. There was no merger of her interest as dowress, and as assignee of her husband's mortgagee, and the only question in the case is as to the construction of her deed, she insisting that by it she only released the land from her trust debt, and the defendant contending that by it she conveyed her dower interest as well. The defendant by his purchase at the administrator's sale acquired only the interest of the deceased husband in the premises, i. e., the right to redeem the land by paying off the mortgage debt. The wife had pledged her then inchoate right of dower for the payment of that debt; what the amount of it was does not appear, but the deed of trust covered several hundred acres of land. By the death of her husband and her purchase of the mortgage debt she became the owner of all the interest in the land that had been pledged for the payment of that debt. When this deed was made she united in her own person the dual relation of owner of the debt for which her dower interest had been pledged, and of the dower interest also; in consideration of part satisfaction of that debt, i. e. (the payment of one hundred and sixty-three and fifty-hundredths dollars on that debt so secured ) she releases the land in said deed of trust described, to-wit, the premises. That is, she releases the land from the debt to the extent of all the interest in the land that was pledged for its payment that she

had power to release, is a consistent reading upon the face of the whole instrument, and this included her dower interest.   To this extent only can the grant, which is broad enough in its terms to ' convey any and every interest she may have had in the premises, be limited by the language of the recitals.   That she could have limited her release to the interest of her deceased husband, upon which she acquired a lien by her purchase of the mortgage debt is beyond question, but she did not do so.   And there is nothing in the recitals, or in the situation of the parties, their relation to, or the circumstances attendant upon, the transaction which would warrant the court in excluding her dower interest from the terms of the release when she did not choose to do so, the rule being that a deed will be construed to convey whatever interest or estate the grantor may have in land at the time of its execution, unless the deed shows the grantor's intention was to pass a less estate or interest.   2 Devlin on Deeds, 849.

A quitclaim deed contains operative words of conveyance.   *Wilson v. Albert*, 89 Mo. 537.   And, if by the terms of her deed she has left a doubt upon its face as to what were her intentions, the difficulty is one of her own creation, and the benefit of the doubt ought to be given to the grantee.   The judgment is for the right party, and is affirmed.   All concur, except BARCLAY, J., absent.