Etta Marie PEMBERTON et al.,
Plaintiffs-Appellants,

v.

Harley REED et al.,
Defendants-Respondents.

No. KCD 27887.

Missouri Court of Appeals,
Kansas City District.

Dec. 27, 1976.

Robert L. Langdon, Bradley, Skelton & Schelp, Lexington, for plaintiffs-appellants.

James L. Gillham, Independence, for defendants-respondents.

Before SHANGLER, P. J., and SWOFFORD and SOMERVILLE, JJ.

SHANGLER, Presiding Judge.

The sisters Maggie and Cora Pemberton owned two tracts of land as joint tenants with the right of survivorship. On January 17, 1946, Maggie and Cora executed, without consideration, a warranty deed to defendants Reed, husband and wife, to a 29½ acre parcel of land [Tract A]. On October 22, 1946, they executed another warranty deed to defendants Reed to a 59 acre parcel [Tract B] and reserved in themselves a life estate. Cora died on November 18, 1947. Maggie died on April 22, 1974.

On July 24, 1974, J. D. Pemberton [nephew of Maggie and Cora] and his wife brought an action in two counts. The first count sought to set aside the two deeds for lack of mental capacity of Maggie and Cora and for the undue influence of the grantees, defendants Reed. The second count sought the sale of the two parcels and distribution of the proceeds among the heirs of Maggie and Cora.

The defendants Reed moved dismissal on the grounds that the plaintiffs Pemberton were barred by the limitations of § 516.050, RSMo 1969. The motion was sustained by the trial court and the plaintiffs Pemberton appeal the dismissal of their petition.

■ The issue for determination requires construction of the statutes of limitations on actions for the recovery of lands, among them, § 516.050 which provides:

If any person entitled to commence such action . . . die during the continuance of any disability specified in section 516.030 [e. g. insanity] and no determination or judgment be had of the title, right or action to him accrued, his heirs . . may commence such action . . . after the time in sections 516.010 to 516.090 limited for that purpose, and within three years after his death, but not after that period.

The parties concede that Maggie and Cora were mentally incompetent at the time the two deeds were executed—although there had been no formal adjudication to that effect. Thus, § 516.030 comes into play which provides:

If any person entitled to commence an action in sections 516.010 to 516.090 . . . be, at the time such right or title shall first descend or accrue, . . . insane . . . the time during which such disability shall continue shall not be deemed any portion of the time in sections 516.-010 to 516.090 . . . but such person may bring such action . . . after the time so limited, and within three years after such disability is removed; provided that no such action shall be commenced . . . by any person laboring under the disabilities specified in this section, after twenty-four years after the cause of such action . . . shall have accrued.

The general statute of limitations, § 516.-010, establishes that no action for the recovery of lands shall be commenced after ten years from the accrual of the cause of action. This provision is incorporated by reference into § 516.030 and § 516.050.

In sum and paraphrase: § 516.010 requires a cause of action for the recovery of lands to be commenced within ten years of accrual. § 516.030 enlarges the period for the commencement of such an action for a person under disability to twenty-four years. § 516.050 allows an heir of a person who has died while still under disability an extension of three years, provided the deceased was "entitled to commence such action".

■ The right to challenge the validity of the deeds to the Reeds first accrued to Maggie and Cora Pemberton on January 17, 1946, and October 22, 1946, when the instruments were executed. *Smelser v. Meier*, 271 Mo. 178, 196 S.W. 22, 25[4] (1917). At the death of Cora on November 18, 1947, this cause of action belonged solely to Maggie as the surviving joint tenant, and since her mental incompetency continued until her death on April 22, 1974, her right to challenge these conveyances expired altogether twenty-four years from their dates of execution—January 17, 1970 and October 22, 1970, respectively. [§ 516.030].

The plaintiffs concede that Maggie was barred to commence these actions by limita-

tions, but argue that their cause of action did not arise until they had an immediate right of possession, which accrued to them upon the death of Maggie. They direct this argument primarily to Tract B in which the aunts reserved a life estate; they confess the difficulty to assert this position as to Tract A in which no life estate was reserved, but insist nonetheless that since Maggie was under the appointment of a guardian their right of possession did not arise until her death. These contentions rest on the premise that even though Maggie as life tenant may have been barred by limitations, they as heirs were not. The plaintiffs do not tell on what basis they are entitled to the possession of the property nor do they say how their cause of action is saved from the operation of limitations.

The defendants Reed argue simply that because the twenty-four year period of limitations had run out on the Maggie Pemberton cause of action, she was not at her death a "person entitled to commence such action" and so the three year extension of § 516.050 was unavailable to the plaintiffs as her heirs.

These contentions lead to the dispositive issue on appeal: If at the time of her death the right of Maggie Pemberton to challenge the deeds had expired by the operation of § 516.030, how did that affect the right of plaintiffs, as her heirs, to bring an action to set aside these conveyances on grounds of mental incompetency of the grantors and undue influence of the grantees?

■ The answer begins with the general rule in this state that a deed executed by a mental incompetent is voidable, not void, so that such a conveyance is sufficient to pass title to the grantee of a defeasible character, subject to defeat at suit of the grantor.[1] *Gibson v. Shull,* 251 Mo. 480, 158 S.W. 322, 325[8, 9] (1913); *Wigginton v. Burns,* 216 S.W. 756, 759[3] (Mo.1919); *McAnaw v. Tiffin,* 143 Mo. 667, 45 S.W. 656, 658[3] (1897). Such a conveyance, therefore, has force and effect until the option to

avoid it is exercised. 26 C.J.S. Deeds § 68, p. 790. While incompetent, the grantor, may not seek to defeat the grant, but his guardian may bring such an action for him. *McAnaw v. Tiffin, supra,* 45 S.W. l. c. 658. [See also, §§ 475.130(1) and (3) as to the duty of a guardian of an incompetent to protect and preserve his estate and to prosecute and defend all actions brought for or against the ward.] Thus, the guardian for Maggie [apparently appointed on April 28, 1948] could have undertaken to disaffirm these deeds on her behalf.

■ The plaintiffs imply by their position that the failure of the guardian to pursue this action and the failure of Maggie to recover from her disability within twenty-four years do not prejudice their cause of action because their cause of action did not accrue until Maggie died. They rely on three cases: *Hall v. French,* 165 Mo. 430, 65 S.W. 769 (1901); *Allen v. Wiseman,* 359 Mo. 1026, 224 S.W.2d 1010 (1949); and *Wells v. Egger,* 303 Mo. 26, 259 S.W. 437 (1929). These cases are of no relevance, but all involve heirs of a grantor who under the law of curtesy and dower occupied positions as vested remaindermen subject to a life estate in their mother (*Hall v. French*) or father (*Allen v. Wiseman* and *Wells v. Egger*). In each of these cases, the court ruled that the cause of action of the remaindermen did not accrue until the termination of the preceding life estate, and as such, stand for the restatement of the general principle that a statute of limitations does not run as against vested remaindermen until the end of the particular preceding estate. *Hughes v. Neely,* 332 S.W.2d 1, 6[2–5] (Mo.1960). It is also a general rule that where there is a life estate with remainders over, a statute of limitations does not run against the life tenant. 2 Powell, Real Property, ¶ 275 (1976).

■ The plaintiffs cannot have the benefit of these principles, however, for they are not vested remaindermen, nor do they seek

---

1. *Sampson v. Pierce,* 33 S.W.2d 1039 (Mo.App. 1931) suggests a contrary conclusion. In that case, however, the characterization of the deed as void or voidable was not important to the decision, and statute of limitations was not involved.

to protect any other previously acquired property interest as did the litigants in the cases cited. While Maggie lived, the plaintiffs as prospective heirs had no vested interest in her property and could not have challenged the conveyances she made to the Reeds. *Cull v. Pfeifer*, 307 S.W.2d 424, 426[2] (Mo.1957); *Cox v. Fisher*, 322 S.W.2d 910, 914[5, 6] (Mo.1959). They were merely heirs expectant or heirs apparent with only the possibility of inheritance from Maggie, not a sufficiently fixed interest in the property of the aunt to sue for cancellation of the deeds of that ancestor. *Wass v. Hammontree*, 77 S.W.2d 1006, 1009[4–5] (Mo. 1934); 26 C.J.S. Deeds § 69, p. 794.

The prior question here is not when the plaintiffs Pemberton cause of action accrued, but rather when—if at all—it came into existence. They had no cause of action during the lifetime of Maggie, so they must bring themselves within the provisions of § 516.050 in order to avoid the bar of limitations against their claim which accrued only upon the death of the aunt.

■ It is recognized that deeds executed by a grantor while mentally incompetent may be set aside at the instance of the heirs [*Walton v. Van Camp*, 283 S.W.2d 493, 499[8–10] (Mo.1945)] as may deeds procured through fraud. *Lins v. Lindhardt*, 127 Mo. 271, 29 S.W. 1025, 1030 (1895). In such actions the plaintiffs claim under the grantor as heirs and stand in the same relation to the grantee as did the grantor. *Walton v. Van Camp, supra*, l. c. 499[8–10]. The rationale for this principle considers that an heir succeeds to the rights of the grantor and thereby has sufficient interest in the deed to support a suit to challenge the transaction. 1 Powell, Real Property, ¶ 127, p. 490; 12 C.J.S. Cancellation of Instruments § 45.

■ On these principles, the plaintiffs Pemberton stand in the same relation to the defendants Reed as would Maggie as grantor. Consequently, the contention of plaintiffs that even were their action against the

Reeds not available to Maggie, plaintiffs may still assert it, must be rejected. Their right to set aside the deeds is derived from Maggie. The conclusion is inescapable that the twenty-four year statute of limitations of § 516.030 became an absolute bar to any action Maggie may have had against the Reeds on account of the two conveyances. That is the meaning given to [predecessor] § 516.030 by *Barrett v. Allegheny National Bank*, 6 Mo.App. 317 (1878), l. c. 319:

> [A]fter the lapse of twenty-four years [the statute] operates as a statute of absolute repose, and bars any action for the recovery of lands by any person laboring under the disability of coverture, infancy, insanity, or imprisonment, after twenty-four years from the time the cause of action accrued.

In the present case, the causes of action accrued on January 17, 1946, and October 22, 1946, [when the deeds were executed and delivered] and by operation of § 516.030 expired twenty-four years later on January 17, 1970, and October 22, 1970. At her death, therefore, Maggie was not a person entitled to bring an action to challenge the deeds, so the plaintiffs may not have the advantage of the three year extension of § 516.050.[2]

The cases cited by the plaintiffs support this conclusion. In *Hubbard v. Keen*, 297 Mo. 29, 247 S.W. 1000, 1003[3, 4] (banc 1923), the heirs of the grantor challenged grantee's claim of title by adverse possession to realty obtained by a deed from the grantor and her husband. Two disabilities were involved—coverture at the time the deed was executed and insanity fourteen years later—both of which lasted for more than twenty-four years. The case was further complicated by the fact that the heirs did not sue until four years after the grantor died, and it was apparently on this basis that the court ruled their claim was barred. This case also supports the proposition that, "since the twenty-four year statute [§ 516.-030] had run before the woman grantor

---

**2.** As we have noted, § 516.050 allows an heir of one who dies under disability three years thereafter to commence an action to recover lands,

but only if at the time of death, the person under disability was entitled to commence such action.

died, the three year statute [§ 516.050] would have no application, for, at the time of her death, she was not entitled to begin an action to recover the land". Wheaton-Blackmar, Missouri Practice, Volume 12, § 5–192, p. 668.

Then, in *DeHatre v. Edmunds*, 200 Mo. 246, 98 S.W. 744 (1906), the plaintiffs were barred to challenge a deed executed by their mother while allegedly insane, where they first brought the action ten years after the original cause of action expired. See also *Graham v. Wilson*, 168 Mo.App. 185, 153 S.W. 83 (1913).

In conclusion, the passage of some twenty-eight years between the accrual of the causes of action to Maggie and Cora and the death of Maggie, bars the petition brought by plaintiffs. Their only interest in the conveyances comes through Maggie, and since § 516.030 operated in her lifetime to absolutely bar her from commencement of an action to recover the lands, the plaintiffs have no cause of action to pursue. Consequently, the provisions of § 516.050 are not available to them, and the dismissal of their petition by the trial court must be affirmed.

All concur.