ELBERT C. WELLS, ALICE M. TUTHILL and JEROME PROBST, Appellants, v. THOMAS EGGER, MICHAEL FISHER and FRED FISHER.

Division Two, March 4, 1924.

1. **CONVEYANCE: By Defectively Acknowledged Deed of Wife: Possessory Right of Husband: Limitations.** A deed made by a husband and wife in 1878, attempting to convey the wife's lands, properly acknowledged by the husband, but defectively acknowledged by her, did not convey the wife's title, but did convey the husband's possessory right, or curtesy initiate, which he had by virtue of the marriage, and which, because children were born of the marriage, became curtesy consummate, or a life estate, upon the wife's death, which the deed operated to convey, but his grantee was vested only with his possessory right while the wife lived, and with his curtesy consummate on her death, and no right of action accrued to her children until her death interstate and his death, and their suit of ejectment, brought within five years after the husband's death, the wife having previously died intestate, was not barred by any statute of limitations.

2. ———: ———: **Limitations: Life Tenant and Remaindermen.** During the continuance of the life estate no statute of limitations runs against the remaindermen. A deed made prior to the time the Married Woman's Act of 1889 went into force, by which a married woman and her husband attempted to convey her lands did not convey her title, if her acknowledgment thereto was defective, and while it did not attempt to carve out a life estate in favor of her husband, or a remainder in favor of her children or heirs, by operation of law the husband had a possessory right or curtesy initiate, which, when children were born of the marriage, became curtesy consummate, or a life estate, which was all the deed conveyed, and the title at her death descended to her children or heirs, as vested remaindermen, but their right to possession, after her death, did not ripen until his death, and no statute of limitations could run against them while he lived.

3. ———: ———: ———: **Thirty-Year Statute.** The thirty-year Statute of Limitations cannot be applied to a remainderman unless it begins to run before the life estate has been carved out and separated from the remainder. After the life estate and the possessory right of the life tenant begins, adverse possession starts the statute to running against the life tenant, but not against the remainderman, because no possessory action in his favor has accrued.

4. ———: **Adverse Possession: Life Tenant Against Remainderman.** A life tenant cannot hold adversely to his remainderman, and the grantee of a life tenant is himself a life tenant during the life of the original life tenant.

5. ———: ———: **Thirty-Year Statute: Disabilities: Unaccrued Right.** The thirty-year Statute of Limitations mentions no disabilities, but it can be applied only against a cause of action which has accrued. It runs against such disabilities as minorities, insanity and coverture, but not unless the cause of action has accrued, and to accrue the party suffering disabilities must have an immediate possessory right. It does not run against remaindermen until the life estate has become extinct, because until it terminates the remainderman's right to possession has not accrued.

6. **LIMITATIONS: Ten-Year Statute: From Death of Wife: Conveyance by Husband of Wife's Land.** Notwithstanding the husband and wife in 1878 joined in a deed by which they attempted to convey the wife's lands, which did not convey her title, because her acknowledgment thereto was defective, and notwithstanding the deed conveyed the husband's possessory right and the grantee went into immediate possession and has since remained in possession, the ten-year Statute of Limitations did not begin to run against

the wife's children, born of the marriage, upon her death in 1909, but only upon the husband's death in 1917, for upon the birth of children his curtesy became consummate, or an estate for life, and ejectment brought by the children in 1921 was not barred by the statute.

7. ———: ———: **Wife's Defective Acknowledgment: Right and Failure to Sue: Ejectment by Children.** The fact that the wife, after she and her husband had in 1878 joined in a deed, by which they attempted to convey her lands, which failed to convey her title, because her acknowledgment thereto was defective, had a right to bring suit to determine her title and failed to do so, can in no wise affect the right of their children, after her death intestate and after the husband's death, to maintain ejectment against the grantee. During the husband's life the grantee, by reason of the deed, held the husband's right to possession, and her suit could have only determined that she was the owner of the title, with no right to possession while her husband lived; and though the children, immediately upon the wife's death, could have maintained suit to determine the title, they could not have been decreed possession until the husband's death.

8. ———: **Ejectment by Vested Remaindermen: Action Within Three Years: Section 1310.** The statute (Sec. 1310, R. S. 1919) declaring that if anyone "entitled to commence such action or to make such entry die during the continuance of any disability," then his heirs may commence such action within three years, "but not after that period," has no application to ejectment by the children of a married woman who died intestate and who was not entitled during her life to commence a possessory action. Where the deed of the wife and husband, attempting to convey her lands, failed to convey her title, she was not entitled to commence suit against the grantee for possession of the land at any time during her husband's life, and her children were not required by said statute to commence their action of ejectment to recover possession within three years after her death intestate, because she was not entitled to possession; and while they might have maintained an action to determine the title after the wife's death, they could not in such action have recovered possession while the husband was living, and their failure to bring such action does not affect their right to recover in ejectment brought more than three years after the husband's death.

9. ———: ———: **Action Within Two Years: Section 1312.** Section 1312 applies where the holder of the legal title has conveyed and the spouse has not joined, but does not apply where the wife holds the legal title and has not conveyed.

10. ———: ———: **Action Within Two Years After Cause Accrued: Section 1308.** Section 1308, limiting the bringing of a suit to two years, where a cause of action has accrued to a married woman more than ten years before bringing the suit, does not apply to ejectment by her children after her death intestate, where no cause of action for possession of the land ever accrued to her, and accrued to them only after her death and after the death of her husband.

Headnote 1: **Husband and Wife,** 30 C. J. sec. 653; **Acknowledgments,** 1 C. J. secs. 60, 65; **Curtesy,** 17 C. J. sec. 52; **Ejectment,** 9 C. J. sec. 89; **Estates,** 21 C. J. sec. 170. Headnotes 2 and 3; **Estates,** 21 C. J. secs. 173, 124; **Husband and Wife,** 30 C. J. sec. 643; **Curtesy,** 17 C. J. secs. 38, 39. Headnotes 4 and 5: **Estates,.** 17 C. J. secs. 122, 173. Headnote 6: **Adverse Possession,** 2 C. J. sec. 188. Headnotes 7 to 10: **Ejectment,** 9 C. J. sec. 89.

Appeal from Barton Circuit Court.—*Hon. Berry G. Thurman,* Judge.

REVERSED AND REMANDED.

*E. L. Moore* for appellants.

(1) "Mere possession does not create title by limitation, however long continued. To have such an effect the possession must be open, notorious, continuous and adverse, under claim of ownership or color of title." Crowl v. Crowl, 195 Mo. 347; Long v. Coal Co., 233 Mo. 740; Spicer v. Spicer, 249 Mo. 595. (2) Even if Egger had been putting on valuable improvements, a married woman would not be bound by estoppel, and even persons in full legal right would have to know of such improvements to be estopped. Powell v. Powell, 267 Mo. 127; Kellogg v. Moore, 271 Mo. 194; Lewis v. Barnes, 272 Mo. 404; Powell v. Bowen, 279 Mo. 290; Jones v. Lumber Co., 223 S. W. 63, 70. (3) Under Sections 669, 680 and 681, R. S. 1879, this acknowledgment was fatally defective, because not showing that she was made acquainted with the contents of the instrument and for other reasons. Burnett v. McCluey, 78 Mo. 688; Krieger v. Crocker, 118 Mo. 531; Evans v. Morris, 234 Mo. 183; Danciger v. Stone, 278 Mo. 25; Powell v. Bowen, 279 Mo. 288; Marshall v. Reddick, 219 S. W. 615; Jones v. Lumber Co., 223 S. W. 69; (4) When a married woman took the legal title to land prior

to 1889, two estates were carved out at once; a life estate in the husband, with remainder to the wife or her heirs. The right to possession and to maintain a possessory action vested in the husband, and was not taken away by the Act of 1889. And there being no right of action in the wife or her heirs during the life of the husband, no statute of limitation could run against her or them. Reaume v. Chambers, 22 Mo. 36; Funkhouser v. Langkopf, 26 Mo. 453, 461; Salmons' Ad. v. Davis, 29 Mo. 181; Carr v. Dings, 54 Mo. 95; Dyer v. Brannock, 66 Mo. 422; Keith v. Keith, 80 Mo. 127; Campbell v. Gas Co., 84 Mo. 378; Harris v. Ross, 86 Mo. 102; Dyer v. Wittler, 89 Mo. 86; Bradley v. Railway, 91 Mo. 498; Smith v. Patterson, 95 Mo. 525; Thomas v. Black, 113 Mo. 66; Pim v. St. Louis, 122 Mo. 665; Rumsey v. Otis, 133 Mo. 85; Shumate v. Snyder, 140 Mo. 87; Howell v. Jump, 140 Mo. 456; Miller v. Quick, 158 Mo. 503; Reed v. Lowe, 163 Mo. 535; Hall v. French, 165 Mo. 438; Vanata v. Johnson, 170 Mo. 274; Wilson v. Frost, 186 Mo. 311; Graham v. Ketcham, 192 Mo. 24; DeHatre v. Edmonds, 200 Mo. 279; Smith v. Smith, 201 Mo. 545; Bradley v. Goff, 243 Mo. 95; Waddle v. Frazier, 245 Mo. 404; Armor v. Frey, 253 Mo. 474; Troll v. St. Louis, 257 Mo. 731; Powell v. Powell, 267 Mo. 127; Lewis v. Barnes, 272 Mo. 397, 406; Danciger v. Stone, 278 Mo. 27; Powell v. Bowen, 279 Mo. 293; Case v. Sipes, 280 Mo. 119; Mathis v. Melton, 293 Mo. 141; Nichols v. Hobbs, 197 S. W. 260.

*H. W. Timmonds* for respondents.

(1) We concede that the deed of Phoebe E. Wells and her husband, dated February 19, 1878, was not properly acknowledged by her and not sufficient to convey the legal title to their grantee, George Group. (2) Under the provisions of the thirty-year Statute of Limitations the plaintiffs' claim to the land involved in this suit is forever barred and their right and title are, *ipso facto,* vested in the defendant, Thomas Egger. Sec. 1311, R. S. 1919; Fairbanks v. Long, 91 Mo. 636; Collins v. Pease,

146 Mo. 135; Nichols v. Hobbs, 197 S. W. 258; Scannell v.
Fountain Co., 161 Mo. 619; De Hatre v. Edmonds, 200
Mo. 279. One is in "lawful possession" within the mean-
ing of this statute when he has not entered as a mere in-
truder or trespasser, but in good faith, claiming to be
the owner. It is manifest that he need not have a perfect
title, for in that event he would not need the protection of
the statute. Collins v. Pease, 146 Mo. 139. Generally,
any writing which purports to convey the title to land by
appropriate words of transfer and describes the land, is
color of title, though the writing is invalid, actually void,
and conveys no title. Dunnington v. Hudson, 217 Mo. 100;
Fugate v. Pierce, 49 Mo. 441. The basic principle under-
lying statutes of limitations is that such statutes are stat-
utes of repose, and the thirty-year Statute of Limitations
was intended to be a statute of absolute repose to those
who come within the protection of its provisions, as no
disabilities, exceptions, or enabling clauses are a part of
it. Fairbanks v. Long, 91 Mo. 636; Collins v. Pease, 146
Mo. 139; DeHatre v. Edmonds, 200 Mo. 279. (3) Ad-
verse possession will start the running of the statute
against one under disability. Such possession begins
with the entry into possession of the land by another
than the person under disability or one claiming from
such person. Hubbard v. Keen, 247 S. W. 1000; Feris v.
Moore, 256 Mo. 131. The twenty-four-year Statute of
Limitations bars plaintiffs' right to recovery since the
adverse possession of the defendants began in 1878 under
the deed to Group and continued more than forty-three
years before this suit was commenced. Sec. 1307, R. S.
1919; Hubbard v. Keen, 247 S. W. 1000; DeHatre v. Ed-
munds, 200 Mo. 274; McKee v. Downing, 224 Mo. 132;
King v. Theis, 272 Mo. 422. In 1917 the Legislature
amended the twenty-four year statute by cutting out the
words and the disability of "or a married woman," and
enacted a new statute of limitations as to married women,
requiring persons entitled to commerce an action for the
recovery of real estate, where the right had accrued ten
years or more prior to the taking effect of that law, to

commerce such action within three years after the death of the person under a disability, but not after that time. Sec. 1310, R. S. 1919. (4) The ten-year Statute of Limitations bars plaintiffs' right of recovery in this case. The deed of Phoebe E. Wells and husband in 1878 was valid as to the husband and he conveyed his right of possession to Group and his assigns by that deed, but this right of possession was only during coverture, and when Phoebe E. Wells, the wife, died August 13, 1909, the husband's marital rights in this land ceased. This suit was not brought until June 10, 1921—more than thirteen years after the death of the wife and plaintiffs' ancestor—and the defendant Egger was in the adverse possession of the land the entire time. Sec. 1305, R. S. 1919; DeHatre v. Edmonds, 200 Mo. 274; McKee v. Downing, 224 Mo. 131; Hubbard v. Keen, 247 S. W. 1000. (5) To give security to titles to real estate, the Legislature in 1917 enacted a new law (now Sec. 1312, R. S. 1919) to cover cases where the holder or owner of the legal or equitable title or estate conveyed such real estate by deed prior to January 1, 1900, and the spouse failed to join therein, barring such spouse, or her heirs, from recovering any right, title or interest in the land described in such a deed, unless suit was brought within two years after that law went into effect. This law went into effect June 18, 1917, but this suit was not brought until June 9, 1921, nearly four years, so plaintiffs are barred from a recovery in this action under this statute. Sec. 1312, R. S. 1919.

WHITE, J.—This cause of action is stated in two counts: first, to determine title to a tract of land in Barton County; the other in ejectment for the same land. The answer pleads the ten-year Statute of Limitations, the thirty-year Statute of Limitations, and the twenty-four-year Statute of Limitations.

Other defenses pleaded seem to have been lost sight of, as they are not presented for consideration here.

It is admitted that Phoebe E. Wells is the common source of title; she was married December 20, 1854. She

acquired title to the land while a married woman, March 8, 1877.

Phoebe Wells and her husband, Henry B. Wells, conveyed the land to George Group, February 19, 1878. The deed was defectively acknowledged by Phoebe E. Wells and not sufficient to convey her title to the grantee, George Group. Group took possession of the land "in a remote day;" afterward he conveyed the same, and defendant Thomas Egger claims from him through mesne conveyances. The defendants Michael and Fred Fisher are tenants of the defendant Thomas Egger, and for that reason were made parties defendant. At the time suit was brought the Egger family had been in possession of the land, claiming to own it, and paying taxes on it, since June 14, 1886.

Phoebe Wells died August 13, 1909, intestate, leaving the plaintiffs, Elbert Wells and Alice Tuthill, her only children and heirs. Henry B. Wells and Phoebe Wells lived together continuously as husband and wife from 1854 to her death. Henry B. Wells died January 19, 1917. This suit was filed June 10, 1921. The plaintiff Jerome Probst claims a half interest in the land by virtue of a deed from Elbert C. Wells and Alice M. Tuthill.

Thus the plaintiffs claim as the heirs of Phoebe Wells, the original owner. The defendants claim by virtue of the various statutes of limitations, by holding adverse possession under color of title in the deed made in 1878 by Phoebe Wells and her husband, defectively acknowledged by her. The deed was properly acknowledged by Henry B. Wells, the husband. The trial court found and determined the title of the property to be in the defendant Thomas Egger, and decreed that plaintiffs had no right or title in the same.

I. That the deed made by Phoebe Wells, in 1878, did not convey her title, on account of her defective acknowledgment, is admitted by the defendants. They claim only that it shows color of title, so far as she is concerned, and that the several statutes of limitations bar recovery. The trial court did not

Trial
Theory.

303 Mo. Sup.—3.

indicate a theory of the case, but judgment for defendant must have been upon one or more of the statutes of limitations pleaded.

II. It becomes necessary first to determine what would start the operation of the Statute of Limitations. In that connection, what was the effect of the deed to George Group? The land was acquired by Phoebe Wells before the passage of the Married Woman's Act in 1889, therefore the right of her husband was unaffected by that act. [Graham v. Ketchum, 192 Mo. 1. c. 29; Babcock v. Adams, 196 S. W. 1. c. 1119; 17 C. J. p. 428.] Henry B. Wells, by virtue of the marriage relation, had a possessory right, and, on account of the children born of the marriage, had a curtesy initiate which became consummate on the death of the wife in 1909. His right, it has been held, was an estate for life in the wife's land, which entitled him to possession and enjoyment of the property; his interest was vendable and subject to sale under execution. [Teckenbrock v. McLaughlin, 246 Mo. 711.] His right to possession of his wife's real estate acquired at that time and in that manner is settled by a long series of precedents in this State. He alone could sue for possession. He could convey his possessory right, his life estate, and did convey it to George Group in 1878, by the deed which his wife defectively acknowledged. [Powell v. Bowen, 279 Mo. 1. c. 297.] The defendants acquired that right by mesne conveyance, and held possession under it until his death in 1917. Group and his grantees became invested with the possessory right of Henry B. Wells, while Phoebe, his wife, lived, and with his curtesy consummate on her death.

III. Did the thirty-year Statute, or any other Statute of Limitations, bar recovery? No right of action accrued to the heirs of Phoebe Wells as against their father, Henry B. Wells, or those in possession under him, until his death in 1917. The Statute of Limitations during the life estate does not run against a remainderman. While no estate for life

was carved out, giving the remainder to the heirs of Phoebe Wells, yet by the operation of law her husband, on the acquisition of the property became vested with the possessory right which is called a life estate. [Teckenbrock v. McLaughlin, 246 Mo. 1. c. 713; Powell v. Bowen, 279 Mo. 280, 1. c. 294; Herndon v. Yates, 194 S. W. 46, 1. c. 48.]

It is true Phoebe Wells had a fee simple which descended to her heirs subject to the possessory life estate of her husband. At her death in 1909 his curtesy became consummate and the interest of plaintiffs here became a vested remainder. They could not sue for possession until the expiration of the intervening life estate. That life estate was conveyed to Group in 1878 and passed to the defendant Egger by mesne conveyance. The Statute of Limitations could not run until the death of Henry B. Wells in 1917.

Some cases cited by respondents under this head may be noticed. In DeHatre v. Edmonds, 200 Mo. 246, 1. c. 269, it is held that the Statute of Limitations began under circumstances something like these, against the *whole estate.* Applying that reasoning to this case it may be argued that the statute began to run, not only against Phoebe Wells, but against her husband, from the time Group took possession of the property under his color of title. That would be more plausible if Henry B. Wells had had a right to sue for possession. He could not sue, because he had parted with his interest, and the defendant and his grantors had acquired it. They had all the possessory rights which Henry B. Wells would have retained if he had never conveyed and had continued in possession. If the defendant had not acquired the life estate and Wells had conveyed to someone else, defendant could have set up the ten-year Statute of Limitations against the owner, and could have defeated a recovery of possession because the life tenant was barred. It is unnecessary to say what effect that would have upon the remainder, for in this case the defendant and his grantors acquired the life estate.

The case of McKee v. Downing, 224 Mo. 115, relating to a resulting trust, is not a possessory action, and does not involve the particular right of the husband, as in this case.

The case of Collins v. Pease, 146 Mo. 135, was a case in which the husband's interest in the land was not involved. The case of Nichols v. Hobbs, 197 S. W. 258, is cited, and there, speaking of the thirty-year Statute of Limitations, it was distinctly held that the statute cannot be applied to a remainderman unless it begins to run before the life estate has been carved out and separated from the remainder. Before the life estate has been carved out the Statute of Limitations may begin to run and continue to run, after it has been carved out, against the whole estate. After the life estate and the possessory right of the life tenant begins, adverse possession would start the statute against the life tenant, but not against the remainderman, because no cause of action has accrued to the latter. In the Nichols Case it was held that the statute did not run. A cause of action for possession did not accrue to the plaintiffs until the death of their father in 1917, hence neither the thirty-year, the twenty-four-year, nor the ten-year statute could run against them until that time. Hall v. French, 165 Mo. 430, holds to the same effect. A life tenant cannot hold adversely to his remainderman, and the defendant is life tenant, *per autre vie.* [Armor v. Frey, 253 Mo. 447; Bradley v. Goff, 243 Mo. 95.] If Wells had continued in possession he would not have held adversely to plaintiffs. The defendants in this case, having acquired his right to the possession of property during the life of Henry S. Wells, could not, during his life, hold adversely to the plaintiffs, because of their remainder in the property.

The thirty-year Statute of Limitations mentions no disabilities; but that statute can be applied only as against a cause of action which has accrued. It runs against disabilities such as minority, insanity, coverture, etc., but not unless the cause of action has *accrued,* so that the party suffering under disability has immediate possessory right.

IV.  The appellant contends that the ten-year Statute of Limitations has barred recovery because the husband's marital right in the land ceased on the death of his wife in 1909, and this suit was brought in 1921.  In the same connection it is asserted that the husband in 1878 conveyed his right of possession and defendants have acquired that right.  His right which the defendants acquired, did not expire with the death of his wife, but expired only with his death.  If plaintiffs had sued for possession at any time prior to his death the defendant would have had a perfect defense in that he held the life estate of Wells.

**Upon Death of Wife.**

V.  It is argued that Phoebe Wells at any time during her life might have brought an action to determine the title.  Suppose she could.  That, however, would not have affected the result.  The court would have determined that her title, whatever she had, was subject to the life interest, or life possessory right, of her husband; she could not have been adjudged possession under whatever right the court might determine she had.  The result would not have affected this action.  These plaintiffs might have brought suit immediately on the death of their mother to determine their right.  The court necessarily would have held that the defendants held the life estate of their father; that they held a vested remainder, and would be entitled to possession only after his death.

**Right of Wife to Sue.**

VI. It is claimed that the plaintiffs had a right to commence this action under Section 1310, Revised Statutes 1919.  That section, as applied to this case, provides that if "anyone entitled to commence such action" die during disability, etc., then his heirs within three years after her death might commence such action.  What sort of action is contemplated in that section?  It might mean an action for possession, or an action to determine title.  No action accrued to Phoebe Wells to recover possession during her lifetime because her husband's possessory right excluded her.  If a cause of action to determine title accrued to

**Three-Year Statute.**

her, the plaintiffs might have commenced such action at any time after her death, but in such case the court must have found, as shown above, that they were not entitled to possession, but entitled only to a vested remainder. It would not affect their right to recover possession in this case.

Other new sections of the statute might be mentioned in this connection. Section 1312 applies to a case where the holder of the legal title has conveyed and the spouse has not joined. That was not true in this case because Phoebe Wells had the title and did not convey. Section 1308, limiting the bringing of a suit in two years, might be cited. That is where a cause of action has *accrued* to a married woman more than ten years before the bringing of the suit. As shown above, no cause of action for possession of the real estate in question here ever acrued to Phoebe Wells. A cause of action accrued to these plaintiffs for such possession only after the death of their father in 1917.

The case of Hubbard v. Keen, 247 S. W. 1000, is cited. That case is distinguished from this in applying statutes 1307 and 1310. It will be noticed that in that case this court did not overrule the case of Powell v. Bowen, 279 Mo. 280, a case on all-fours with the present case. The judgment below cannot stand without disavowing the rule explained above in Paragraph II, and supported uniformly by a long line of decisions.

The judgment accordingly is reversed, and the cause remanded to be proceeded with in accordance with the views herein expressed. All concur.