JENNIE B. SHAW ET AL. V. BANK OF DEARBORN ET AL., Appellants.— 23 S. W. (2d) 20.

Division One, December 30, 1929.

*James H. Hull* and *German, Hull & German* for appellants.

*Terrence Riley* and *Gresham & Gresham* for respondents.

FRANK, J.—This is an action to partition certain lands located in Platte County. The venue was changed to the Circuit Court of Buchanan County, where a trial resulted in a decree in partition and order of sale as prayed in the petition. Defendants, Bank of Dearborn and W. P. Harrington, trustee, appealed.

George Mellon is the admitted source of title. On May 13, 1886, Mellon executed and delivered to his daughter, Madora Shaw, a warranty deed, of which the following is a copy:

"This indenture, made on the 13th day of May A. D. One Thousand Eight Hundred and Eighty-six by and between George Mellon, of Platte County, State of Missouri, party of the First Part, and Madora Shaw & her children, her bodily heirs, of the County of Platte, in the State of Missouri, party of the Second Part:

"Witnesseth, That the said party of the First Part, in consideration of the love and affection for his beloved daughter and her bodily heirs to him paid by the said party of the Second Part, the receipt of which is hereby acknowledged, do by these presents, Grant, Bargain and Sell, Convey and Confirm, unto the said party of the Second Part, her heirs and assigns, the following described Lots, Tracts or Parcels of Land, lying being and situate in the County of Platte, and State of Missouri, to-wit: [Here follows description of land as set out in plaintiff's petition.]

"Upon the condition that upon my death and the death of my wife, Lucinda Mellon, my daughter and her bodily heirs, the second parties, shall take immediate possession of the above described land, but it is further understood that my wife, Lucinda Mellon, is to have the use of all this and all my other land during her natural life.

"To have and to hold the premises aforesaid, with all and singular the rights, privileges, appurtenances and immunities thereto belonging or in anywise appertaining unto the said party of the Second Part, and unto their heirs and assigns, Forever, the said party of the First Part hereby covenanting that he is lawfully seized of an indefeasible Estate in Fee in the premises herein conveyed; that he has good right to convey the same; that the said premises are free and clear of any incumbrance done or suffered by him or those under whom he claims, and that he will Warrant and Defend the title to the said premises unto the said party of the Second Part, and unto her heirs and assigns, Forever, against the lawful claims and demands of all persons whomsoever."

About two years after the execution of this deed, George Mellon died, and shortly thereafter his wife, Lucinda Mellon died.

"Plaintiff Jennie B. Shaw is the widow of Joseph Shaw, a deceased son of Madora Shaw, and plaintiffs Lester Shaw and Leonard Eugene Shaw are the minor children of Jennie B. Shaw and her deceased husband.

"Defendants J. C. Shaw, Silvey Shaw and Jesse Shaw are the only children of Arthur Shaw, a deceased son of Madora Shaw.

"Defendants Juanita Paul, Donald Paul and Desmond Paul are the only children of Ella Shaw Paul, a deceased daughter of Madora Shaw, and defendant Lindsay Paul is their guardian.

"Defendants George L. Shaw, Ethel Shaw, and Edward Shaw are children of Madora Shaw.

"Defendant Annie Shaw Blakely was the daughter of Madora Shaw, and defendant Charles Shaw is a widower and was the husband of Madora Shaw.

"On October 1, 1915, Charles E. Shaw and Madora P. Shaw, his wife, George L. Shaw and wife, and Arthur Shaw and wife, executed a deed of trust to defendant W. P. Harrington, trustee for defendant Bank of Dearborn, which deed of trust described the land in question and was given to secure a note for $2766 of even date with the deed of trust, payable in one year, with eight per cent interest per annum from date."

It appears from the facts stated that Madora Shaw had seven children, three of whom died, each leaving descendants. The four living children and the descendants of the three deceased children are all parties to this suit either as plaintiffs or defendants. The deed of trust held by the Bank of Dearborn to secure the payment

of its note was executed by Madora Shaw and Charles E. Shaw, her husband, and George L. and Arthur Shaw, sons of Madora Shaw. After the execution of this deed of trust Arthur Shaw died and left surviving him three children, J. C., Silvey and Jesse Shaw. The trial court found and adjudged the interests of the parties in said property and decreed that the interest of George L. Shaw and the interest of the three children of Arthur Shaw, deceased, was subject to the lien of the deed of trust held by the Bank of Dearborn.

The Bank of Dearborn and W. P. Harrington, its trustee, appealed. Their claim is that the entire property is subject to the lien of the deed of trust. This claim is based on the contention that the Mellon deed conveyed to Madora Shaw the fee simple title to the property, in which case the deed of trust thereafter executed by her was sufficient to and did convey the entire property.

Respondents contend, as the trial court held, that the Mellon deed conveyed to Madora Shaw a life estate only, with remainder in fee to her bodily heirs, and that the deed of trust thereafter executed by her and her two sons, George L. and Arthur Shaw conveyed only the life estate of Madora Shaw, which terminated at her death, and the contingent interest of the two sons George L. and Arthur Shaw.

The question presented is: What estate was conveyed to Madora Shaw by the Mellon deed?

The intent and purpose of the grantor must control in the interpretation of this deed, and that intent must be gathered from the four corners of the instrument. [Nations v. Spence, 235 S. W. 1064.]

The first clause in the deed designates the party of the second part to whom the grant is to be made as *"Madora Shaw and her children, her bodily heirs."* The consideration expressed in the deed is not only the grantor's love and affection for his beloved daughter, but also his love and affection for *her bodily heirs.* The grant is made on condition that *Madora Shaw and her bodily heirs, the second parties,* take immediate possession of the land conveyed, upon the death of the grantor and his wife. In other words, the parties to whom the grant is to be made, the parties who figure in the consideration, and the parties who are to take possession of the property under and by virtue of the deed, are specifically designated in the deed as "Madora Shaw and, her bodily heirs."

The habendum clause reads "to have and to hold the premises . . . unto the said party of the second part, and unto 'their heirs' and assigns." The use of the words "their heirs" in this clause of the deed indicates that the grantor was not intending to convey the property to Madora Shaw alone.

However, appellant insists that the granting and warranty clauses, grant and warrant a fee simple title to Madora Shaw, and that the estate so conveyed cannot be diminished by other clauses in the deed which are inconsistent with the granting clause.

It is true that in both the granting and warranty clauses the word "heirs" is not preceded or followed by words of limitation. Both these clauses read "unto the said party of the second part, 'her heirs.' and assigns." However, the conditions upon which the grant was made indicate that when the grantor used the words "her heirs" he meant "her bodily heirs."

The deed recites that the grant is made on condition that Madora Shaw and *her bodily heirs, the second parties* should take immediate possession of the property upon the death of the grantor and his wife. This condition appears in the deed immediately following the description of the property in the granting clause. No logical reason can be advanced why the grantor made the conveyance on condition that both "Madora Shaw" and "her bodily heirs" should take possession of the property, except the fact that he intended to make the conveyance to both.

We must read the granting and the warranty clauses in connection with other provision of the deed and thus gather the intention of the grantor from the entire instrument.

Viewing the instrument as a whole, we find that the grantor named both "Madora Shaw" and "her bodily heirs" as grantees, expressly stated his love and affection for both as the consideration for the deed, and made the conveyance on condition that both take immediate possession of the land upon his and his wife's death. These provisions of the deed indicate an unmistakable intent on the part of the grantor to convey the property to Madora Shaw and her bodily heirs. This being true the presumption must follow, that when he used the words "her heirs" in the granting and warranty clauses, he meant her bodily heirs. [Bank of Brumley v. Windes, 314 Mo. 206, 212, 282 S. W. 696.]

After naming both "Madora Shaw" and "her bodily heirs" as grantees, the deed designates or refers to them in the singular form as "party of the second part." Appellant insists that the phrase "party of the second part" means only one person and indicates, the intention of the grantor to convey to one grantee, viz.:—Madora Shaw. The deed expressly names both parties as grantees. Reference to them thereafter in the singular form indicates nothing other than the work of an unlettered or careless scrivener. [Garrett v. Wiltse, 252 Mo. 699, 711, 161 S. W. 694; Bank of Brumley v. Windes, supra.]

For the reasons stated, it is our conclusion that by terms of the Mellon deed, Madora Shaw took an estate for life and her bodily heirs contingent remainders in fee. [Sec. 2267, R. S. 1919.]

It therefore follows that the deed of trust executed by her and her two sons, George L. and Arthur Shaw, conveyed her life estate and the contingent interest of the two sons. Her life estate terminated at her death leaving the interest of the two sons subject to the lien of the deed of trust.

The trial court so held and its judgment should be affirmed. It is so ordered. All concur.