Carlene May **KLORNER**, et al., Respondents,

v.

James E. **NUNN**, Appellant.

No. 48146.

Supreme Court of Missouri, Division No. 1.

Nov. 14, 1960.

Earl L. Veatch, Monticello, James Glenn, Macon, for appellant.

Harry J. Mitchell, Palmyra, J. Andy Zenge, Jr., Canton, Harold L. Volkmer, Hannibal, for respondents-plaintiffs.

COIL, Commissioner.

Carlene Klorner and others instituted an action to quiet title to and partition 138 acres in Lewis County and for an accounting of rents and profits therefrom. Defendant James E. Nunn claimed title by adverse possession and counterclaimed for $3,000 allegedly spent by him for improvements and for taxes, in the event the trial court held that plaintiffs had any interest in the land. The trial chancellor adjudged that the interests of plaintiffs and defendants in the land were as claimed and detailed in plaintiffs' third amended petition; that plaintiffs were entitled to an accounting of rents and profits as prayed and were entitled to partition; and that defendant James Nunn was not entitled to recover on his counterclaim but that he was entitled to receive credit on the accounting for money expended by him for certain purposes subsequent to a stated date.

Defendant James Nunn has appealed and contends that the trial chancellor erred in refusing proffered evidence allegedly tending to prove his adverse possession.

Plaintiffs initially contend the trial chancellor's decree did not constitute a final judgment and that consequently this appeal should be dismissed. There is no doubt that the judgment and decree is interlocutory and not final; it is so described, and it provides that a final judgment will be entered when the accounting directed therein has been completed. Section 512.020, RSMo 1949, V.A.M.S., provides that appeals may be taken from "interlocutory judgments in actions of partition which determine the rights of the parties."

■ We are of the opinion that the judgment appealed from may be properly considered an interlocutory judgment in a partition action. The decree adjudged plaintiffs' right to a partition and determined the interests of the parties, plaintiffs and defendants, to be as detailed in plaintiffs' third amended petition. While there was an accounting sought and adjudged, still it apparently involved nothing more than the usual accounting incidental to partition actions. Consequently, inasmuch as the present appeal was from a judgment in partition which determined the rights of the parties, this appeal should not be dismissed.

On February 4, 1915, Marion L. Nunn and his wife, as the owners in fee, conveyed the land in question to Marion E. Nunn for life and, at his death, to the heirs of his body, on the condition that if Marion E. Nunn died without issue, his widow could use for her maintenance during her widowhood a portion of the land, but if she remarried, then the portion set apart for her use was to be divided share and

share alike among the heirs of the grantors. Plaintiffs and defendants are the direct heirs of Marion L. Nunn and his wife, both deceased. Marion E. Nunn, the life tenant in the deed above described, died March 28, 1955, leaving no heirs of his body. His widow was living at trial time. On November 2, 1938, the collector of Lewis County executed a collector's tax deed by which he purportedly conveyed the land in question to defendant James E. Nunn. Also on November 2, 1938, Marion E. Nunn (the life tenant in the original deed) and his wife quitclaimed to defendant James E. Nunn their interest in the land in question and he took possession of the land and had since occupied it.

On a prior appeal this court held that the collector's deed, dated November 2, 1938, was void. Klorner v. Nunn, Mo., 318 S.W. 2d 241. The trial chancellor in the present case ruled, in effect, that no statute of limitations began to run against plaintiffs as the heirs of grantors Marion L. and Mary C. Nunn until the death of the life tenant, Marion E. Nunn, on March 28, 1955, and as a corollary that evidence of adverse possession prior to March 28, 1955, was inadmissible.

■ It seems clear that, having in mind the 1915 deed and recognizing that the collector's deed was void, defendant Nunn took possession under the 1938 quitclaim deed from Marion E. Nunn and his wife as a tenant for the life of Marion E. Nunn with remainder to the heirs of Marion L. and Mary C. Nunn. It is well established in situations where there is a life estate with remainders over, that statutes of limitations do not run against the remaindermen until the death of the life tenant and that as a corollary, evidence purporting to establish adverse possession against those remaindermen which relates to a period prior to the death of the life tenant is irrelevant and inadmissible. Revare v. Lee, Mo., 257 S.W.2d 676, 678 [4]. And, of course, the grantee of a life tenant is in the

same position as the life tenant in that respect and such grantee may not claim adversely to the remaindermen. Allen v. Wiseman, 359 Mo. 1026, 224 S.W.2d 1010, 1012 [3, 4].

■ Defendant Nunn's only contention on this appeal is that even though the collector's deed was void, it nevertheless constituted color of title and apparently the argument is that, having taken possession of the land in question under color of title, the statute began to run. As we see it, however, color of title has nothing to do with any issue on this appeal because the only function of an entry under color of title is to permit the adverse claimant who is in actual possession of only a part of the adversely-claimed land to, by reason of color of title, draw to that part the whole of the land claimed. Hamburg Realty Co. v. Walker, Mo., 327 S.W.2d 155, 158 [1–3]. The fact that one holds under color of title would not affect the proposition that the life tenant or one holding under him could not hold adversely to remaindermen until the death of the life tenant. It follows that the fact that defendant Nunn had color of title, assuming that he did, did not empower him to hold adversely as to plaintiffs and defendants, remaindermen, during the life tenancy. Wells v. Egger, 303 Mo. 26, 259 S.W. 437.

It is our opinion, therefore, that the trial chancellor correctly refused to admit evidence offered to establish adverse possession in defendant James E. Nunn prior to the death of life tenant Marion E. Nunn on March 28, 1955. And, inasmuch as the present suit was instituted June 18, 1956, about a year and three months after the death of the life tenant, defendant Nunn's claim of title by reason of adverse possession must fail.

The judgment is affirmed.

HOLMAN and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.