William H. DAVIS et al., Respondents,

v.

REALTY EXCHANGE, INC., and Horace W. Frazier, Appellants.

No. 55939.

Supreme Court of Missouri, Division No. 2.

Jan. 8, 1973.

R. A. Wegmann, Dearing, Richeson, Roberts & Wegmann, Hillsboro, for respondents.

John L. Anderson, Anderson, Brooking & Hammon, Brunson Hollingsworth, Hillsboro, for appellants.

This is a suit in three counts brought by three sets of plaintiffs to quiet title to three separate adjoining tracts of real estate (one owned by each), in Jefferson county.[1] Trial to the court without a jury resulted in judgment for the plaintiffs, from which defendants have appealed. This appeal was properly pending in this court on January 1, 1972; therefore, we retain jurisdiction as required by the schedule (§ 31) to the 1970 amendment of Article V, Constitution of Missouri, V.A. M.S. We affirm.

The three tracts together form a rectangular shaped tract approximately 50 feet wide (north-south) and 231 feet long (east-west), part of an addition to the Original Town of Hillsboro. It is bounded on the north by land owned by plaintiffs William H. and Betty J. Davis (hereinafter Davis), husband and wife, and land owned by Katherine E. Reilly and her daughter (hereinafter Reilly); on the west and south by a tract owned by Jefferson Trust Company (hereinafter Jefferson Trust); and on the east by a tract owned by a corporation, which, incidentally and unimportantly, is not a party to this suit. The record title to the rectangular shaped area is not in dispute and is vested in Realty Exchange, Inc., and the heirs of Sullivan Frazier who died about the year 1905. The three plaintiffs (Davis, Jefferson Trust and Reilly) claim title to the three separate parts of the rectangular shaped property by ten years and more adverse possession and none of them claims any interest in that part claimed by a co-plaintiff. Plaintiffs Davis claim title to the tract described in count I of the petition; plaintiff Jefferson Trust to the tract described in count II; and plaintiffs Reilly to that described in count III.

The rectangular shaped area (sometimes referred to as the "disputed tract"), show-

1. The suit was filed June 24, 1969, and tried in July, 1970.

ing the parts thereof claimed by plaintiffs and the relative positions of the adjoining tracts the record title to which is owned by them, resembles the following sketch:

Although defendants appealed from the judgment in favor of each of the three plaintiffs, they frankly concede in their brief that plaintiffs Reilly acquired title by adverse possession of that part of the disputed tract described in count III, shown on the above sketch east and north of the two "Old Fence" lines. Defendants have thus abandoned their appeal from the judgment as to this area with the result that the judgment of the trial court on count III will stand affirmed.

The disputed tract, exclusive of the part thereof now conceded to be owned by Reilly, is part of two larger parcels of land, one owned by Davis on the north and the other by Jefferson Trust on the south and west, on which a shopping center was to be developed with Jefferson Trust's banking house as the main facility.

We are met at the outset with a contention by defendants that there is an impermissible joinder of parties plaintiff (Rule 52.05(a))[2] resulting in an impermissible joinder of claims (Rule 55.07), and, therefore, the court erred in failing either to (1) dismiss plaintiffs' suit, or (2) sever the three counts and order separate trials; that for these reasons the judgment should be reversed and the cause remanded with directions that the counts be severed and separate trials had of each.

Defendants filed pre-trial motions to dismiss the suit on the ground "* * * that several claims have been improperly united in this lawsuit and there is a misjoinder of causes of action [and] of parties plaintiff * * *." We note that defendants did not at any time move that the trial court order separate trials. The first suggestion that defendants desired separate trials of the separate claims of the respective plaintiffs is made in their brief in this court. Defendants, by their motion, requested only a dismissal and this in the face of the provision of Rule 52.06

2. References to rules are to Missouri Supreme Court Rules and V.A.M.R.

that "[m]isjoinder of parties is not ground for dismissal of an action." Had defendants desired that the court sever the claims and order separate trials of the three counts they should so have moved the court before the trial began. Fair and orderly procedure will not permit a party to fail to inform the trial court by motion of the action he desires that it take, and then, after a result unfavorable to him, take advantage of the court's failure to take that action. Furthermore, plaintiffs' petition to quiet title is in usual and common form and there is nothing therein or in defendants' motions, nor is there anything in the record of pre-trial proceedings, from which we can say that the trial court could have determined that the right to relief asserted by plaintiffs did not arise " * * * out of the same transaction, occurrence or series of transactions or occurrences * * *" or that a "question of law or fact common to all of them * * *" would not arise. Cf. State ex rel. Adrian Bank et al. v. Luten, Judge, 488 S.W.2d 636 (decided January 8, 1973, by this court en banc). Assuming, only for the purpose of ruling this point and without deciding, that there is a misjoinder of parties and claims, we should not, considering the facts and circumstances of this case, and therefore do not, order a remand to permit separate trials.

Defendants contend also that the evidence is not sufficient to support the judgments for Davis and Jefferson Trust, that plaintiffs failed to sustain their burden of proof, and, therefore, the court erred in entering judgment in their favor.

"The principles of law governing the issue upon which this case turns are conceded; that is, the elements requisite to establish title by adverse possession are these: '(1) That the possession must be hostile; that is, under a claim of right; (2) actual; (3) open and notorious; (4) exclusive; and (5) continuous. The burden of proof as to each of these elements is upon the person asserting title through adverse pos-

session.' State ex rel. Edie v. Shain, 348 Mo. 119, 152 S.W.2d 174, 176; Bell v. Barrett, Mo., 76 S.W.2d 394, 397. The question then becomes simply that of the effect of the proofs adduced * * *. This being a court-tried case, it is to be reviewed 'upon both the law and the evidence as in suits of an equitable nature. The judgment shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses.' Sup.Ct. Rule 73.01(d), V.A.M.R." Carlisle v. Keeling, 347 S.W.2d 191, 194–195 [1, 3] (Mo., 1961).

The Davis record tract was purchased by Mr. and Mrs. Davis in June, 1968, from Eva Golterman, who had acquired it in February, 1953, from Martin Burgess and wife. The Jefferson Trust record tract consists of four parcels, the locations and former owners of which are indicated on the above sketch. We will refer to these as the McKinney, Salisbury, Hahn and King tracts. The King tract is unimportant so far as is concerned these plaintiffs' claim of adverse possession to that part of the disputed tract not acquired by Reilly. Jefferson Trust purchased the McKinney tract in December, 1968, from Howard A. McKinney who had acquired it in August, 1946, from Richard H. Hoeken. The trust company obtained the Salisbury tract in December, 1968, by purchase from Charles Sheehan, who bought it in 1963 from Betty Ann Salisbury and others, who acquired it in 1952 by inheritance from her father and others, who had owned and lived on it since about 1945. Jefferson Trust acquired the Hahn tract in December, 1968, from Charles Sheehan who purchased it in 1963 from Marie Hahn whose parents had owned and lived on this parcel since 1922.

There is evidence that the "Old Fence" shown on the sketch as extending east-west runs along the meanders of the ditch (referred to by some witnesses as a creek or wet-weather branch) and that it formerly extended northwesterly along the ditch line

beyond the west boundary of the disputed property to a culvert nearby under the right-of-way of state highway # 21; that there are remnants of that extension of the fence in place today; that the properties north and south of this line slope down to the ditch, a natural drain which has always existed. One witness testified that the "Old Fence" lines, and the ditch, have existed continuously since about 1910; that the reputation in the community of the area in question is that the ditch and fence lines were the common boundary lines in 1910, of the lands owned by Davis, Jefferson Trust and Reilly and their predecessors in title, and that they have continued to be known and recognized as the boundary since that year. Another witness identified the east-west fence-ditch line as having been the boundary continuously since 1913; another dates it as such since about 1922. There is also evidence that fences running north-south separated the McKinney, Salisbury and Hahn tracts and that these fences, until recent years, "extended back to the east-west fence and ditch on the owners' north boundary"; that these fences and the east-west fence on the boundary line were maintained and repaired by the abutting owners for many years.

Davis and a daughter of Reilly and former owners of their tracts, and former owners of the several parcels constituting the Jefferson Trust tract, and others who have either lived on one or the other of these tracts, or who have lived nearby in Hillsboro, some of whom have intimate knowledge of the area beginning as early as 1910, and others beginning as late as 1946, testified that the owners of the tracts north and south of the fence-ditch line, believing that they owned to this line, openly claimed to own, occupied, used and maintained the property down to this line continuously from the date they acquired their respective record tracts; that during these years no one other than the abutting record owners ever occupied or made any claim to any part of the disputed tract; that the first knowledge they had that a "disputed tract" even existed or that someone else claimed a part of their land adjoining the ditch-fence line was shortly before this suit was filed when it became public knowledge that Jefferson Trust planned to develop this and adjoining land for its banking house and a shopping center.

Defendants presented no evidence on the issue of adverse possession.

■ Under these facts and circumstances, we hold that plaintiff Davis as to the land described in count I and the plaintiff Jefferson Trust as to the land described in count II have established title thereto by adverse possession for more than ten years before this suit was filed. Section 516.010, RSMo 1969, V.A.M.S.; Carlisle v. Keeling, 347 S.W.2d 191 (Mo., 1961); Barker v. Allen, 273 S.W.2d 191 (Mo., 1954); Klaar v. Lemperis, 303 S.W.2d 55 (Mo., 1957); Courtner v. Putnam, 325 Mo. 924, 30 S.W.2d 126 (1930); Klorner v. Nunn, 339 S.W.2d 838 (Mo., 1960); Moran v. Roaring River Development Company, et al., 461 S.W.2d 822, 829 [1] (Mo., 1970); Section 516.040, RSMo 1969, V.A.M.S.

The judgment of the trial court is not clearly erroneous, Rule 73.01(d), and should be affirmed.

The judgment is affirmed.

MORGAN, P. J., DONNELLY, J., and SPRINKLE, Special Judge, concur.