**Ronald S. REED, Jr., Respondent,**

v.

**The LITTLE RIVER DRAINAGE DISTRICT, Appellant.**

No. 40129.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 10, 1979.

Application to Transfer Denied
Sept. 11, 1979.

Harry H. Bock, New Madrid, for appellant.

John L. Oliver, Jr., Cape Girardeau, for respondent.

STEWART, Judge.

Action to quiet title to real property. The subject property was purchased by plaintiff's successor at a partition sale. Little River Drainage District (defendant) claims title by reason of warranty deeds from the grantees of Louis and Mary H. G. Houck, the common source of title. Alternatively it claims the fee by reason of adverse possession. Defendant appeals from judgment quieting title in plaintiff and ordering ejectment of defendant. We reverse in part and remand with instructions.

Prior to January, 1901 Louis Houck and Mary H. G. Houck, husband and wife, held fee simple title in certain lands including that in controversy here. On August 1, 1912 they conveyed to defendant a right of way for the purposes of a drainage ditch and flow-way over certain portions of their land. The grantors specifically retained fee simple title in the lands subject to the right of way.

On April 14, 1917 Louis and Mary H. G. Houck executed a deed that requires our interpretation. The deed recites that grantors in January of 1901 agreed to convey the controverted realty to their daughter Irma (Mrs. Charles Guild Juden, Jr.) and "the heirs of her body and at that time gave her immediate possession but not conveyance containing such covenants and stipulations as would fully protect the interests and rights of said Irma Houck during her life time in said real estate and the rights and interests of the heirs of her body, if any she should have, . . ." The deed further recites that Irma and her husband built on the land cleared and improved it; that Irma died in August of 1911. She was survived by her husband and three children, Charles Andrew, Alexander Giboney, and Sally Virginia. The deed then conveys certain properties including the property in controversy to ". . . said parties of the second part, that is to say to Charles Andrew Juden, Alexander Giboney Juden and Sally Virginia Juden, and to their heirs in legal wedlock begotten, . . ." The deed later provides that grantees are "TO HAVE AND TO HOLD FOREVER the above and foregoing real estate with all the rights, immunities, privileges, improvements and appurtenances thereto belonging or in any wise appertaining unto the said parties of the second part, share and share alike, that is to say Charles Andrew Juden, Alexander Giboney Juden and Sally Virginia Juden and the heir or heirs of their respective bodies in legal wedlock begotten, always provided that such heir or heirs shall attain the full age of twenty-one years from date of birth and provided further that such heir or heirs shall only take the

share of their respective ancestors in said real estate and if any of the said parties of the second part, . . . in case of death shall have or leave no such heir or heirs in legal wedlock begotten that shall attain the age of twenty-one years from date of birth then the share of such Grantee herein leaving no heir or heirs, as aforesaid, shall descend to, vest in, and inure to the benefit of the surviving Grantees herein, or in case of death to their respective heir or heirs as aforesaid." The deed reserved rights to a percentage of rents and profits to Charles Guild Juden, Jr. and, in other real estate conveyed it reserved a percentage of the rents to Mary H. G. Houck.

Because the deed is the crux of this case we shall discuss the consequences of this writing before discussing other matters germane to the points raised by the parties.

It is said that the rule with respect to construction of deeds in Missouri "is to ascertain the intention of the grantor, and to give effect to that intention unless it conflicts with some positive rule of law." *Triplett v. Triplett,* 332 Mo. 870, 60 S.W.2d 13, 15 (1933). The Supreme Court of Missouri in a later case discussing the rule stated, "In the event of an inconsistency, the provisions in the premises of a deed generally prevail over the habendum." *Bullock v. Porter,* 365 Mo. 572, 284 S.W.2d 598 (1955). The "premises" is that part of the deed preceding the habendum and contains the names of the parties and the granting clause. The text writers would find some conflict between *Triplett* and *Bullock* [1] but an examination of *Triplett* reveals that there was an inconsistency between the granting clause and the habendum and the court gave preference to the granting clause in determining the intention of the grantor.

In the case at bar defendant claims that the intention of the grantor is to be determined by the recitals preceding the formal portions of the deed. While there are no Missouri cases directly in point on the issue, the text writers and cases from other juris-

dictions equate recitals in a deed with the habendum. 23 Am.Jur.2d Deeds § 201 (1965); 26 C.J.S. Deeds § 90(e) (1956); *Wright v. Smith,* 257 Ala. 665, 60 So.2d 688 (1952).

The defendant argues that the recitals evidence a contract which we should enforce. The pleadings in the case do not present us with an action in contract. The instrument is a deed. Its purpose is to grant an estate in land. The recitals do not attempt to make a grant of any interest. They state the motivation for the action the grantors are about to take. The recitals also expressed grantor's appreciation to their daughter's husband and their desire that he receive some benefit from the land.

The granting clause conveys to the three grandchildren and "their heirs in legal wedlock begotten." The deed subsequently states that the persons taking are "Charles Andrew Juden, Alexander Giboney Juden and Sally Virginia Juden and the heir or heirs of their respective bodies in legal wedlock begotten, always provided that such heir or heirs shall attain the full age of twenty-one years from date of birth and provided further that such heir or heirs shall only take the share of their respective ancestors in said real estate and if any of the said parties of the second part, . . in case of death shall have or leave no such heir or heirs in legal wedlock begotten that shall attain the age of twenty-one years from date of birth then the share of such Grantee herein leaving no heir or heirs, as aforesaid, shall descend to, vest in, and inure to the benefit of the surviving Grantees herein, or in case of death to their respective heir or heirs as aforesaid." We believe as found by the trial court that the intent of grantors is clear. The conveyance is to their three grandchildren and their bodily heirs who reach the age of twenty-one years. See *Shaw v. Bank of Dearborn,* 324 Mo. 348, 23 S.W.2d 20 (1929). By reason of § 442.470 Charles Andrew Juden, Alexander Giboney Juden and Sally Virginia (Juden) Reed took a life estate with the contingent

1. Annot., 58 A.L.R.2d 1375, 1394 (1958).

remainder in fee going to those heirs of their bodies who attain the age of twenty-one years.

It necessarily follows that the warranty deeds to the defendant did not convey the fee to it and that plaintiff as successor to the purchaser at the partition sale purchased the fee.

■ Defendant's argument that it holds the fee by reason of adverse possession is premised upon the assumption that grantors grandchildren Charles Andrew Juden, Alexander Giboney Juden and Sally Virginia (Juden) Reed, were granted an estate in fee simple. Defendant recognizes that it could not claim adversely to the remaindermen if the grantors grandchildren had only a life estate even if it holds under a deed from the life tenants that gives it color of title. *Klorner v. Nunn,* 339 S.W.2d 838 (Mo.1960). In view of our holding that grantors' grandchildren held only a life estate this contention must fail.

Defendant next contends that the court erred in ordering its ejectment from the land in question because Charles Andrew Juden, a life tenant under the deed, was still alive and defendant, his grantee, has the right to possession during the life of Charles Andrew Juden. We agree.

■ Grantor's grandchildren undertook to convey the fee in the land to defendant by warranty deed. Because the grantors in the latter deed held only life estates they could not grant the fee. The effect of that deed was to convey to defendant the interest in the land that they had, a life estate. *Smith v. City of St. Charles,* 552 S.W.2d 60, 62[1] (Mo.App.1977). All of the life tenants except Charles Andrew Juden have died. A life estate held by more than one life tenant is terminated only at the death of the survivor. *Bullock v. Porter,* 365 Mo. 572, 284 S.W.2d 598 (1955).

At the time the decree was entered in this case Charles Andrew Juden was still alive and his grantee, the defendant, is entitled to possession until the life estate is terminated by the death of Charles Andrew Juden.

Plaintiff would argue that the judgment in partition terminated all interest of Charles Andrew Juden in the real estate and as a consequence all of the interest of defendant by reason of § 528.400 which provides that in partition suits, when the sale has been confirmed, the money paid over according to the order of the court, and the deed executed to the purchaser, same "shall be a bar against all persons interested in such premises who shall have been parties to the proceedings, and against all persons claiming from such parties . . . . ."

■ Defendant was seized of the life estate at the time the action in partition was filed, Charles Andrew Juden had no interest. Defendant was not made a party to the action for partition nor was it in privity with any party to the action. The interest of defendant was acquired prior to the time the suit was commenced. See *Hocken v. Allstate Insurance Company,* 235 Mo.App. 991, 147 S.W.2d 182 (1941) and *Holloway v. Holloway,* 103 Mo. 274, 15 S.W. 536, 538 (1891). The action in partition was not a bar to any claim defendant might have in the property in controversy. The defendant is entitled to possession of the property until the life estate is terminated by the death of Charles Andrew Juden.

The judgment is reversed in part with instructions to enter a new judgment quieting title in plaintiff subject to the life estate to be terminated upon the death of Charles Andrew Juden. The defendant also continues to have the rights conveyed by Louis and Mary H. G. Houck in the deed of August 1, 1912.

STEPHAN, P. J., and KELLY, J., concur.