**J. C. NICHOLS COMPANY,**
**Plaintiff-Respondent,**

v.

**Lula M. POWELL, Defendant-Appellant.**

**No. WD 32787.**

Missouri Court of Appeals,
Western District.

Sept. 7, 1982.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
Nov. 2, 1982.

Application to Transfer Denied
Dec. 13, 1982.

---

**3.** Although notified of this proposed increase, ADT chose not to participate in those proceedings.

Howard D. Lay, Kansas City, for defend-ant-appellant.

W. Raleigh Gough, Rufus B. Burrus, Independence, for plaintiff-respondent.

Before CLARK, P.J., and MANFORD and KENNEDY, JJ.

CLARK, Presiding Judge.

This action to quiet title acquired by adverse possession was tried to a jury with a resultant verdict for plaintiff from which defendant Lula M. Powell appeals. Reversed.

The facts of this case can be related only in skeletal and qualified form because no transcript from the trial has been filed. Suffice it to say that the land in controversy consists of an elongated triangle separating from roadway frontage a portion of a large tract acquired by plaintiff through purchase, apparently for subsequent development. Defendant's title to the small but important parcel derives by conveyance from the purchaser at a tax sale more than thirty years before. The issue is not the strength of defendant's title but whether judgment was properly rendered on the theory that any title defendant did have was extinguished by the adverse possession of plaintiff and its predecessors in title.

Defendant's points on appeal are directed solely to instruction error. The content of three instructions presents the crux of the issues and those instructions are therefore set out as a prelude to the discussion.

### INSTRUCTION NO. 5

The term "adverse possession", as used in these instructions, means an actual, open, visible, notorious, adverse and continuous possession under a claim of ownership, such possession being indicated by such acts of possession and ownership as indicates to the world at large, that the party in possession claims to own the property in his own right and not as subordinate to any other person. Such possession may be made either by the party in person claiming to be the owner, or through a tenant allowed by him to take and maintain possession.

### INSTRUCTION NO. 7

Your verdict must be for the plaintiff and against defendant Lula Powell if you believe:

First, that for at least ten years prior to the filing of this lawsuit on February 13, 1980, plaintiff and its predecessors in title, by themselves or through their tenants, had and maintained the open, exclusive, continuous, notorious, adverse possession of the triangular tract mentioned in the evidence, and referred to as "Tract No. 1" herein, and

Second, that during all of such ten-year period the defendant Lula Powell never was, either by her own person or by any person acting for her, in the actual possession of said lands, or any part thereof.

## INSTRUCTION NO. 9

You are instructed that, in considering, under Instruction No. 7, whether or not defendant Lula M. Powell was ever in possession of the triangular tract during the ten-year period mentioned in that instruction, you should not consider as establishing such a possession by her, either the payment of taxes by her or her predecessors in title, or occasional visits by her to look at the property so as to consider a future use of it, unless as such time or times, the same was accompanied by an actual taking of possession of said triangular tract, either through her own person or by a person or persons acting for her.

As to instructions 5 and 7, defendant asserts each omits the requisite element of hostile possession; as to instruction 5, it makes no mention of exclusive possession; and, as to instruction 7, the element omitted is actual possession. In an attack on instruction 9, defendant contends that instruction, in combination with the other two, improperly suggests the record title owner must assume some burden to prove actual possession but is denied the benefit of favorable evidence as to payment of taxes and visits to the property. Appraisal of these instructions must be preceded by a restatement of basic principles involved in adverse possession.

■ The law presumes a conjunction of title ownership and possession of land, that is, rightful possession depends upon and is consistent with ownership. *Burnside v. Doolittle*, 324 Mo. 722, 731, 24 S.W.2d 1011, 1016 (1930). Adverse possession indicates possession in opposition to the real owner and implies a possession commenced in wrong and maintained against right. *Hilgert v. Werner*, 346 Mo. 1171, 1176, 145 S.W.2d 359, 361 (1940). The presumption of rightful possession therefore casts upon one claiming by adverse possession the burden of rebutting the presumption by showing occupancy and user open, notorious and inconsistent with the rights of the true owner. *Miller v. Warner*, 433 S.W.2d 259, 262 (Mo.1968). If an adverse possessor occupies the land in question with the intent to occupy it as his own, his occupancy is adverse. It is not necessary that there be an intent to take the land from the true owner, only the intent to possess which governs. *Walker v. Walker*, 509 S.W.2d 102, 107 (Mo. 1974).

■ The burden of proof in an action to establish title by adverse possession is upon the claimant who must show his possession to have been: (1) hostile under a claim of right, (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous. *Davis v. Realty Exchange, Inc.*, 488 S.W.2d 913 (Mo. 1973). Once the claimant has made its prima facie case, the burden of going ahead on that issue shifts to the other party. *Sandy Ford Ranch, Inc. v. Dill*, 449 S.W.2d 1 (Mo. 1970).

■ Turning now to the instructions in this case, it is apparent, as defendant contends, that instructions 5 and 7 each omit an element normally required for proof of adverse possession. Instruction 5 omits exclusive and instruction 7 does not specify that the claimant's possession be actual. Reviewed reciprocally, however, the instructions supply the missing elements of definition. Instruction 5 defines adverse possession as requiring actual occupancy by the claimant. Under the verdict directing instruction 7, the claimant must show adverse possession to recover and, under the definition of that term, the possession must be actual. The element of exclusive possession is contained in the verdict director although

not in the definition. The errors of which defendant complains are therefore recognizable only upon review of the challenged instructions without consideration of their interdependence.

In *Perry v. Stockhoff Supply Company,* 356 S.W.2d 92, 95 (Mo.1962), the court stated: "In the circumstances here presented, however, all of the instructions may be read and construed together and, when that is done, if they are not conflicting, misleading or confusing the verdict will be sustained even though one or more of the instructions, considered separately, would have been misleading if it had not been explained or supplemented by other instructions." More recent cases have held that all instructions should be read and construed together, *Callaway v. Lilly,* 605 S.W.2d 155 (Mo. App.1980), and are considered as a whole on the assumption they are given to jurors of reasonable intelligence. *McGowan v. Hoffman,* 609 S.W.2d 160 (Mo.App.1980).

When instructions 5 and 7 are examined together, all elements of adverse possession as described in *Sandy Ford Ranch, Inc. v. Dill, supra* and similar cases are set out. Any deficiency in the verdict directing instruction is supplied by the definition instruction and, conversely, the missing ingredient of the definition instruction appears in the verdict director. From these instructions, no juror of reasonable intelligence could have returned a verdict for plaintiff unless the evidence demonstrated plaintiff's possession to have been actual and exclusive.

As to instruction 9, a different situation appears. It is first to be noted that the instruction operates to limit the evidence the jury is entitled to consider in deciding whether the plaintiff has proved the elements of its case. Because instructions 7 and 9 interreact as a definition of the applicable law given the jury, they must be considered in terms of their collective impact.

Under the verdict directing instruction, the jury is informed that a verdict for plaintiff depends, in part, on a finding that plaintiff and its predecessors in title were in possession of the land for at least ten years past and defendant was not. As to both plaintiff and defendant, possession is couched in terms of "actual possession" placing both parties on an equal footing as to this factual element. Instruction 9 then limits the jury in its consideration of the evidence as to actual possession by withdrawing from the jury any evidence as to visits by the defendant to the property and the payment of real estate taxes. The only relevant evidence under the limitation of instruction 9 is "an actual taking of possession" by defendant, the circumstances of which are not specified.

Although we have no transcript of the evidence, the content of the instructions warrants the assumption that defendant presented evidence of her visits to the property and plans for its future use. The payment of real estate taxes by defendant is confirmed by receipts included as exhibits in this record. It is also assumed that the land in question is vacant and unimproved.

These instructions are in error because they convey a fundamental misrepresentation of the character of possession which an owner of land enjoys. As the authorities cited earlier hold, it is presumed that the title owner is in possession, not because of any actual occupancy or affirmative act, but merely as an incidence of ownership. Instruction 9 errs in its premise that the jury should consider "whether or not defendant Lula M. Powell was ever in possession." The record title carries with it that presumption which falls only upon the introduction of evidence by the claimant that it held actual possession during the time and under the circumstances which adverse possession requires.

The vice of instructions 7 and 9 is their conception of the owner and the adverse claimant as competitors, each attempting to stake a claim to the property "by an actual taking of possession." There is no obligation upon an owner to reassert his ownership by an actual taking of possession nor may an owner be divested of his title in default of physical occupancy. The adverse claimant prevails, not because the title own-

er has failed to exercise dominion but because the claimant has proved his actual and continuous possession and that of those under whom he claims.

■ The content of instruction 9 would appear to have been drawn as a perverse recitation of the law which is applicable to evidence submitted by a claimant to prove adverse possession. As the cases hold, a claimant seeking to establish title by adverse possession does not make a case of actual possession by proof of occasional entries or the payment of taxes. *Willy v. Lieurance,* 619 S.W.2d 866, 872 (Mo.App. 1981); *Conran v. Girvin,* 341 S.W.2d 75, 91 (Mo. banc 1960). The reverse of this rule, however, does not apply to evidence presented by the title owner who, as was stated above, is presumed to be in possession and is not obliged to prove actual possession.

Defendant here was entitled to have the jury consider her visits to the property and the regular payment by her of real estate taxes assessed as bearing, first, on the manifestations of her continuing ownership and, second, on the actual and exclusive nature of plaintiff's possession. We note in passing that plaintiff's instruction 7 was redundant in that by proof of actual, continuous and exclusive possession in plaintiff, actual possession by defendant was necessarily precluded. To some extent, the assumption by plaintiff in its verdict director of the burden of proving a negative, that is the absence of actual possession by defendant, may have contributed to the error of instruction 9. On retrial, a modification of the plaintiff's verdict directing instruction will aid measurably in overcoming the problem of distinguishing between the constructive possession of defendant and the actual possession of plaintiff.

By reason of the instruction error, the judgment is reversed and the case is remanded for a new trial.

All concur.